**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LUIS AUGUSTO BERMUDEZ FLEIRE,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1208-D** |
| **WARDEN, CIMARRON CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.**[1] | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Luis Augusto Bermudez Fleire, a noncitizen proceeding pro se,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGuisti referred the case to the undersigned

---

1 Respondent Chris Gantt, Warden of the Cimarron Correctional Facility, is not a federal official, and the response is not filed on his behalf. *See* Doc. 13, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8. The Government responded, Doc. 13, and Petitioner filed a reply, Doc. 15. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within seven days or else release Petitioner.

## I. Factual background and Procedural history.

Petitioner is a citizen of Venezuela who entered the United States on or about October 27, 2022. Doc. 13, at 1; *see* Doc. 1, at 11. On November 10, 2022, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) alleging he was subject to removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] Doc. 13, at 1 (citing Ex. 1, at 1). DHS released Petitioner on his own recognizance the same day. *Id.* (citing Ex. 2).

[4] Codified at 8 U.S.C. § 1182(a)(6)(A)(i), this section applies to an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. An NTA acts as "a charging document" informing the noncitizen of "the specific charges against him and outlin[ing] their legal and factual basis." *Dragomirescu v. U.S. Att'y Gen.*, 44 F.4th 1351, 1354 (11th Cir. 2022) (citing 8 U.S.C. § 1229a).

On October 20, 2023, Petitioner filed an application for asylum which remains pending. *Id.* at 1-2 (citing Ex. 3).

On July 17, 2026, an Immigration Judge (IJ) ordered Petitioner removed. Petitioner's appeal before the Board of Immigration Appeals is pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 19, 2026).[5]

Petitioner states that he has no criminal history, has appeared for all Immigration and Customs Enforcement (ICE) appointments, and has a six-month-old baby. Doc. 1, at 6, 9. ICE arrested him at a scheduled check-in on March 24, 2026, and he has been detained at the Cimarron Correctional Facility since then. Doc. 1, at 1, 10-11, 14; Doc. 13, at 2. He avers ICE arrested him without a judicial warrant, without probable cause, without a meaningful explanation, and without an adequate opportunity to be heard. Doc. 1, at 9, 11; Doc. 15, at 2.

[5] The undersigned takes judicial notice of the Immigration Court's filings in Petitioner's case, available at Automated Case Information. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)).

## II. Petitioner's claims.

Petitioner argues: (1) Respondents violated his Fifth Amendment procedural due process rights as he received no neutral and individualized review in a pre-deprivation hearing; (2) he was arrested and detained without probable cause or a judicial warrant; (3) Respondents have been deliberately indifferent to his serious medical needs; (4) his conditions of confinement are punitive and dangerous; (5) he fears retaliation for seeking habeas corpus relief, including transfer, isolation, and interruption of court access; (6) there is an imminent risk of removal or third-country transfer without meaningful notice and judicial review; and (7) his continued detention is excessive because he is not a danger or a flight risk. Doc. 1, at 13-16.

He seeks his immediate release under reasonable conditions of supervision, or in the alternative, a prompt individualized bond hearing before a neutral decision-maker. *Id.* at 21. He also seeks an order for Respondents to show cause as to why his detention is lawful; an order that he not be transferred from Cimarron Correctional Facility or outside this Court's jurisdiction during this action; an order that he not be removed while this action is pending unless the Court receives notice;[6] an order that Respondents

[6] The Court addressed these last two requests in its Order for Response, Doc. 11.

provide immediate and continuous access to all of Petitioner's medication; an order that Respondents preserve his access to this Court and not retaliate against him for filing this action; an order for Respondents to preserve all records involving Petitioner; and a grant of costs to Petitioner. *Id.* at 21-22.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. 8 U.S.C. § 1226 governs Petitioner's detention.

Petitioner asserts that Respondents violated his due process rights when ICE detained him without probable cause and an opportunity to be heard, and without a finding he posed a flight risk or danger. Doc. 1, at 11-14. He points to his lack of criminal history, his six-month old baby and his partner, and his

consistent appearance at ICE check-in appointments as proof that he is not a flight risk or danger. *Id.* Respondents assert Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and his detention without a bond hearing does not violate either his procedural or substantive due process rights. Doc. 13, at 3-10.

"[B]ecause the legality of Petitioner's continued detention depends upon the source of the Government's detention authority, the Court must determine whether § 1225(b)(1) or [8 U.S.C.] § 1226(a) governs before it can resolve Petitioner's due process claim." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026).

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov*, 2026 WL 1865418, at *3. Rather, like the petitioner in *Zhakhonov*, "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained" during a routine check-in. *Id.* "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.* So the Court should conclude that Petitioner's present detention "is governed by

§ 1226(a), not § 1225(b)[].” *Id.*; *cf. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) (explaining that § 1225(b)(2)(A) is “limited to the border”).

**B. Petitioner is entitled to a bond hearing.**

Petitioner seeks his immediate release or, alternatively, an individualized bond hearing to resolve the due process violation. Doc. 1, at 21. Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy.

“Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings.” *Zhakhonov*, 2026 WL 1865418, at *3. The Government has not provided Petitioner with an individualized custody determination under § 1226(a) since his re-detention. *See id.* (“[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee’s liberty interest is protected.”). Because this is “the very process Congress prescribed for detainees held pursuant to § 1226(a),” the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a “protected liberty interest arising from her release on her own recognizance”

and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."); *cf. Santillan Quiroz*, 180 F.4th at 1237 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").[7]

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days or else release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing

[7] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 21. But the Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

**C. The Court should decline to address Petitioner's remaining claims.**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Zhang*, 2026 WL 2323190, at *2 n.1 ("Given this determination, the Court declines to address Petitioner's remaining claims at this time.").

Further, the undersigned agrees with Respondents that to the extent Petitioner raises claims challenging his conditions of confinement, the Court cannot grant relief in a habeas action. Doc. 13, at 11 (citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the

conditions of his confinement must do so through a civil rights action.”)). And, as to his retaliatory removal fears, “the executive branch, which—subject to compliance with applicable law—has substantial latitude in the execution of immigration enforcement decisions, including as to noncitizens subject to orders of removal.” *Funes v. Francis*, 810 F. Supp. 3d 472, 503 (S.D.N.Y. 2025) (citing *United States v. Texas*, 599 U.S. 670, 679 (2023), then citing *Garland v. Aleman Gonzalez*, 596 U.S. 543, 546-48 (2022) and 8 U.S.C. § 1231).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner’s habeas corpus petition in part and order Respondents to provide him with an individualized bond hearing in front of a neutral IJ within seven days or otherwise release Petitioner**. The Court should deny Petitioner’s outstanding motions. Docs. 2, 3, 4. The undersigned also recommends that the Court order Respondents to certify compliance with the Court’s order by filing a status report within ten business days of the Court’s order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 27, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

72.[8] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").